UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **PROVIDENCE HEALTH & SERVICES-WASHINGTON**, dba Providence Alaska Medical Center,<br><br>Plaintiff,<br><br>vs.<br><br>**HUMANA HEALTH PLAN, INC.**, a Kentucky corporation,<br><br>Defendant. | Case No. 2:25-cv-00757<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**PARTIES**

1.

Plaintiff Providence Health & Services-Washington ("PH&S") is a Washington nonprofit corporation with its principal place of business in Renton, Washington. PH&S owns and operates Providence Alaska Medical Center ("PAMC") in Anchorage, Alaska.

2.

Defendant Humana Health Plan, Inc. ("Humana") is a Kentucky corporation with its principal place of business in Lexington, Kentucky.

/ / /

/ / /

/ / /

**COMPLAINT**  (*CASE NO 2:25-CV-00757*)
Page 1

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564

**JURISDICTION**

3.

Jurisdiction is proper under 28 U.S.C. § 1332 in that the matter involves more than $75,000 and is between citizens of different states. Although Humana is also deemed to be a resident of the state of its insured, in this case the insured is a resident of the State of Florida.

4.

Venue is appropriate in this district under 28 U.S.C. § 1337 because Humana is generally subject to suit in this district.

**FACTS**

5.

Patient M.N. is a Florida resident who was present in Alaska for the period June 18, 2021, to August 27, 2021, and was treated at PAMC during that period with a series of infusion treatments as to which Humana issued authorization number 129607863.

6.

Patient M.N. was during the relevant period insured by Humana under an agreement with employer Speer Laboratories under Humana's National POS-Open Access coverage.

7.

In a series of communications beginning July 20, 2021, between Humana and PH&S's Accounts Receivable Specialist for Alaska located in Portland, Oregon, on July 23, 2021, Mae at Humana confirmed to PH&S that under Humana's plan rules the authorization only needed to be validated with Humana's nurse auditors for PAMC to be added for purposes of treating M.N. at in-network rates. That same day, Humana's Nurse Auditor Shaneeka agreed to add PAMC's NPI and TIN numbers to the authorization such that patient M.N. could receive in-network treatment at PAMC for the dates May 5, 2020, through May 4, 2022.

**COMPLAINT**  (*CASE NO 2:25-CV-00757*)
Page 2

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564

8.

On July 26, 2021, PH&S spoke with Kate at Humana and confirmed that the NPI and TIN updates were effective and PAMC would be treated as in-network by Humana retroactive to the June 18, 2021, claim. At in-network rates, Humana owed PAMC $144,793.99.

9.

Humana nevertheless processed the claims as out-of-network, paying only $27,417.46. On August 10, 2021, PH&S again contacted Humana and spoke with Mike, who agreed that the claims should have been processed as in-network, and Mike sent them back for reprocessing as in-network.

10.

As of August 14, 2021, the claims were still being processed out of network. PH&S called Humana again and spoke to John, who again validated that PAMC's NPI and TIN numbers had been added to the authorization, that the services were medically necessary, and John again sent the claims back for in-network processing in accord with Humana's plan rules.

11.

From that date forward, Humana stopped responding to PH&S's inquiries. Humana has since failed and refused to process the claims as in-network as it had promised.

12.

The claims in question totaled $241,322.91 at PAMC's billed charges, of which $25,591.56 was the patient's responsibility under Humana's plan and $27,417.46 was paid by Humana.

**FIRST CLAIM FOR RELIEF**

**(Breach of Express Oral Contract)**

13.

PH&S incorporates paragraphs 1 through 12.

COMPLAINT  (*CASE NO 2:25-CV-00757*)
Page 3

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564

14.

Humana's promises on July 26, 2021, August 10, 2021, and August 14, 2021, created an express contract that Humana would process M.N.'s claims at the in-network rates of $144,793.99.

15.

Humana's refusal to process M.N.'s claims at in-network rates breached that contract.

16.

PH&S has been damaged in the amount of $117,376.53.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract Implied in Law)**

17.

PH&S incorporates paragraphs 1 through 12.

18.

In the alternative, given Humana's repudiation of the oral contract described above, Humana's authorization created a promise implied in law to pay Providence's billed charges less the patient's responsibility under Humana's plan. Under Alaska Stat. § 21.36.495, a health care insurer is required to pay or deny indemnities under a health care insurance policy within thirty days after the insurer receives a claim. In the absence of a denial meeting the standards of Alaska Stat. § 21.36.495(b), which requires that an insurer articulate the "basis for denial," the claim is deemed to be a "clean claim" requiring payment in accord with its terms. In the case of this patient, PAMC submitted its UB-04 claims to Humana on July 30, 2021, and weekly thereafter until August 31, 2021, but received no denial meeting the standards of Alaska Stat. § 21.36.495(b) within 30 days of any of those UB-04 claims. Humana was therefore required to pay the claim in accord with its terms.

19.

PH&S has therefore been damaged in the amount of $188,313.89.

**COMPLAINT**  (*CASE NO 2:25-CV-00757*)
Page 4

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564

**THIRD CLAIM FOR RELIEF**

**(Promissory Estoppel)**

20.

PH&S incorporates paragraphs 1 through 12.

21.

PH&S detrimentally relied on Humana's promises on July 26, 2021, August 20, 2021, and August 14, 2021, by providing additional services.

22.

Humana is therefore estopped from refusing to fulfill its promises.

23.

PH&S is therefore entitled in equity to recover the amount of $117,376.53.

**FOURTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

24.

PH&S incorporates paragraphs 1 through 12.

25.

By refusing to honor its promises to PH&S to process M.N.'s claims at in-patient rates, Humana has been unjustly enriched in the amount of $188,313.89.

26.

Humana should therefore in equity be required to disgorge its unlawful gains by paying PH&S the sum of $188,313.89.

**FIFTH CLAIM FOR RELIEF**

**(Statutory Interest)**

27.

PH&S incorporates paragraphs 1 through 26.

COMPLAINT (*CASE NO 2:25-CV-00757*)
Page 5

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564

28.

Under federal choice-of-law rules, in the absence of a contract specifying a particular state law, the obligations of parties to the contract are determined by the law of the state with the most significant relationship to the transaction. In this case, the laws of the State of Alaska are applicable to this contract given that the contract was made with respect to services to be rendered in Alaska. Prejudgment interest is a matter of substantive state law, such that PH&S is therefore entitled to recover interest as provided by Alaska law.

29.

Under Alaska Stat. § 21.36.495(c), the applicable interest rate to failure by a health care insurer is 15% per year from 30 days after receipt of the claim, in this case from each of July 30, 2021, August 4, 2021, August 11, 2021, August 18, 2021, August 25, 2021, and August 31, 2021.

**JURY DEMAND**

Plaintiff, by and through its attorneys, demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

PH&S therefore asks that this Court:

1. Award PH&S damages against Humana under PH&S's First Claim for Relief in the amount of $117,376.53;
2. In the alternative, award PH&S damages under PH&S's Second Claim for Relief in the amount of $188,313.89;
3. In the alternative, award PH&S damages under PH&S's Third Claim for Relief in the amount of $117,376.53;
4. In the alternative, award PH&S restitution under PH&S's Fourth Claim for Relief in the amount of $188,313.89;
5. Award PH&S its costs;

COMPLAINT  (*CASE NO 2:25-CV-00757*)
Page 6

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564

1  6.  Award PH&S prejudgment interest from August 29, 2021, September 3, 2021, September 10, 2021, September 17, 2021, September 24, 2021, and September 30, 2021, to the date of judgment at the rate of 15% per year under Alaska Stat. § 21.36.495(c); and

2  7.  Award PH&S such other and further relief as may be just and equitable in the circumstances.

RESPECTFULLY SUBMITTED this 24th day of April, 2025.

HARRANG LONG P.C.

By    s/Kurt C. Peterson
Arden J. Olson, WSBA #08530
arden.j.olson@harrang.com
Kurt C. Peterson, WSBA #36171
kurt.peterson@harrang.com
Of Attorneys for Plaintiff

**COMPLAINT**  (*CASE NO 2:25-CV-00757*)
Page 7

Harrang Long P.C.
111 SW Columbia St., Suite 950
Portland, OR 97201
Telephone: (503) 242-0000
Facsimile: (541) 686-6564